UNITED STATES of America, Appellee,

v.

Christopher KING, Defendant,
Appellant.

Nos. 83–1018, 83–1454.

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1983.

Decided Jan. 22, 1985.

* Of the Second Circuit, sitting by designation.

William M. Kunstler, New York City, with whom Mark B. Gombiner, New York City, and Robert H. Gombiner, were on brief for defendant, appellant.

Bruce B. Kenna, Asst. U.S. Atty., Concord, N.H., with whom W. Stephen Thayer, III, U.S. Atty., Concord, N.H., was on brief for appellee.

Before BREYER, Circuit Judge, TIMBERS*, Senior Circuit Judge, and SMITH**, Senior District Judge.

RUSSELL E. SMITH, District Judge.

King was convicted on three counts of an indictment charging him, a convicted felon, with the possession of a Browning pistol (18 U.S.C.App. § 1202(a)(1) (1982)) and with the receipt of an Ithaca shotgun and a Heckler and Koch pistol (18 U.S.C. § 922(h)(1) (1982)). He appealed and filed a motion requesting this court to dismiss the action. We had no doubt of King's guilt, which was proved by solid physical and documentary evidence not controverted in any important detail. We remanded, however, because of King's contention that the conduct of the prosecution had been egregious and that he had been denied an opportunity to prove the extent of the Government's wrongdoing. 724 F.2d 253. We directed that the district court hold a hearing and make findings. That has been done, and the case is here again for decision.

We now deny the motion to dismiss for two reasons: First, there was no egregious conduct on the part of the United States Attorney or officers investigating the firearms charges; and, second, the present record confirms our previous statement that King was not prejudiced by any conduct of police officers.

As a background for the application of the district court's findings, we note the following:

** Of the District of Montana, sitting by designation.

At the time King was apprehended, a task force comprised of police officers of the States of Rhode Island, New Jersey, and Massachusetts, and agents of the FBI, had been formed to locate certain fugitives who had killed a New Jersey state trooper. While this case was proceeding in federal court, King was prosecuted in a Massachusetts state court for acts done by him at the time of his apprehension. King was known to have had some connection with the fugitives, and state officers made efforts to elicit from King information concerning their whereabouts. On the day of a suppression hearing in the Massachusetts state court, Sobera, a Massachusetts officer, and Evans, a New Jersey officer, gave to an informer transmitting and recording devices which would intercept the communications between King and his lawyers. The recording device was put in a brief case, which the informer placed in a holding cell where King met with his lawyers and later placed in the courtroom where the suppression hearing was held.

Evans and Sobera both testified that they had removed the batteries from the recording device and that it was not working. The informer testified that he never heard the tape nor saw any transcript of it. No tape was ever produced.

On remand, the district court found that the recording device did produce a tape and that, while the FBI had no part in placing the devices and no knowledge that they had been placed before the event, some unknown FBI agents did know of the tape after the event and were privy to the contents of it. The finding of the district court is based on an inference that the recording device would not have been planted if it had not been working.

We find no conduct on the part of federal officials so egregious as to warrant forbidding the federal government to prosecute King. As to the conduct of the state police, we do not condone their actions in seeking to record conversations between King and his lawyers. But, egregious as the conduct of the state officers was, it does not taint the trial of this case because there is no evidence that the United States had any knowledge of the wrongdoing. Lynn, the United States attorney who prosecuted this case, did deny that there had been any electronic interception of King's communications to his lawyers. But, had Lynn at the time of the denial been in possession of all of the evidence before the trial court, he still cannot be charged with bad faith for not drawing the inference that the trial court drew.

In any event, dismissal is not appropriate here absent a showing of some adverse consequence to the representation King received or to the fairness of the proceedings leading to his conviction. *See United States v. Morrison*, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

There was no evidence of nor any effort to prove, either in the federal suppression hearing or in the trial on the merits, any communication between King and his lawyers. King contends, however, that we must presume prejudice. To presume prejudice we are required to assume that there had been discussions between King and his lawyers which bore on the strategy of the defense. The evidence shows no more than that King and his lawyers had some communication in the vicinity of the brief case, and there is no suggestion in the evidence or in the briefs as to what that communication might have been. We are further required to assume that the unknown FBI agents who were privy to the contents of the tape, but who were not shown to have any relationship to the prosecution of this case, in some way communicated that knowledge to the United States Attorney prosecuting this case and that that knowledge somehow altered the strategy of the United States in its prosecution. On reviewing all of the evidence, we are unable to understand how any knowledge of King's strategy would have in any way changed either the list of the witnesses called or the questions asked of them. There is no evidence of prejudice, and in this case it should not be presumed.

As to the disparagement of King's lawyers, we initially doubted that any preju-

dice was shown, and the additional evidence produced as a result of the remand adds nothing. We now find no prejudice was shown.

The motion to dismiss is denied, and the judgment is affirmed.